United States District Court
Southern District of Texas
**ENTERED**
May 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-309 |
| | § | CIVIL NO. 2:18-305 |
| CHRISTOPHER RANDOLPH LINTON, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Christopher Randolph Linton filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 22.[1] Pending before the Court is the United States of America's (the "Government") Motion for Judgment on the Record (D.E. 30), to which Movant did not respond.

**I. BACKGROUND**

In May 2017, Movant was stopped at the Sarita, Texas, Border Patrol checkpoint for an immigration inspection. He appeared nervous, and agents referred him to secondary inspection. The liquid in the fuel tank of the Ford F-250 truck Movant was driving tested positive for methamphetamine, and he was arrested. Drug Enforcement Administration (DEA) agents processed the liquid methamphetamine mixture seized from the fuel tank of Movant's vehicle, and the Presentence Investigation Report summarized the tests as follows:

> There were 16 representative samples taken from the total amount of fuel and liquid methamphetamine in the gas tank. The agent advised that samples 1A through 1G contained fuel only. Samples 1H through 1P contain methamphetamine and are representative of approximately 28 gallons, weighing 186.6 pounds (82.82 kilograms).

PSR, D.E. 14 ¶ 7.

---

1. Docket entries refer to the criminal case.

1

Movant was charged with conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and possession with intent to distribute a more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Two). In June 2017, Movant plead guilty to Count One pursuant to a written plea agreement. At the rearraignment hearing, the Government moved to amend the Indictment to reduce the amount of methamphetamine alleged in Count One from 500 grams to 50 grams, and the Court granted the motion. In exchange for Movant's guilty plea, the Government agreed to dismiss Count Two and recommend that he receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. In return, Movant waived his right to appeal or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

The PSR assigned Movant a base offense level of 38 based on the 82.82 kilograms of methamphetamine for which he was held accountable. Two levels were added under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine from Mexico. Movant was given a three-level adjustment for acceptance of responsibility. The resulting advisory Guideline range for Level 37, Criminal History Category IV, was 292–365 months' imprisonment.

Movant's counsel filed written objections to the PSR. D.E. 13. He argued that Movant's base offense level was incorrect because: (1) it included the entire mixture instead of just the amount of pure methamphetamine within the mixture; (2) the testing method was inaccurate because the samples tested could have been taken from a portion of the fuel tank where the methamphetamine was more concentrated; and (3) the weight of the containers should have been deducted. Counsel also requested a reduction based on Movant's minor role in the offense. Both

the Probation Officer and the Government responded, explaining that, "because the purity of the methamphetamine seized was not available, the guidelines are based on a mixture or substance containing methamphetamine." D.E. 15, p. 1; D.E. 17, p. 2. The Government also argued that Movant was not entitled to a reduction for his role in the offense.

At sentencing, the Court confirmed that Movant had reviewed with his counsel both the PSR and counsel's written objections. Defense counsel then withdrew the drug quantity objection, and Movant agreed. The Court overruled the minor-role objection and adopted the PSR without change, including the advisory Guideline range of 292–365 months. After noting that Movant had waived his right to appeal, the Court departed downward and sentenced Movant to a below-Guideline sentence of 240 months' imprisonment, 5 years' supervised release, and a $100 special assessment.

Judgment was entered October 19, 2017. Movant's conviction became final on November 2, 2017, the last day on which he could have filed a notice of appeal. He filed the current motion under 28 U.S.C. § 2255 on September 20, 2018. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant raises two related claims alleging ineffective assistance of counsel:

A. Counsel failed to hire an expert to test the methamphetamine mixture found in the fuel tank of Movant's truck; and

B. Counsel failed to object to the methamphetamine quantity calculations in the PSR.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum,

3

and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an

insufficient showing on one." *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

### C. Failure to Hire an Expert

Movant claims his counsel was ineffective by failing to hire an expert to test the methamphetamine mixture found in the fuel tank of his truck. He further claims the DEA agents' testing was flawed because: (1) methamphetamine is manufactured through a three-part process, and the seized liquid was not fully processed through the first step; and (2) the seized liquid was not usable methamphetamine because it would have contained toxic substances, including methamphetamine oil and sledge. Movant maintains that an independent expert "would have verified that 50 grams or more of methamphetamine could not have been produced from the seized liquids," which would have resulted in a lower sentence. D.E. 22, pp. 14–15.

The Fifth Circuit "ha[s] explained that 'complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.'" *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (quoting *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001)). To prevail on such a claim, "'the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'" *Id.* (quoting *Day v. Quartermain*, 566 F.3d 527, 538 (5th Cir. 2009)). Movant has failed to meet this burden. He has not named an expert or shown that an expert would have been available to test the methamphetamine mixture, provide a report, and/or testify at sentencing.

Movant has also failed to show that his hypothetical expert would have been able to refute the drug quantities adopted in the PSR. The Fifth Circuit has held that, in determining the quantity of methamphetamine in a liquid mixture—even where the mixture is "unmarketable"—the entire mixture may be counted. *United States v. Treft*, 447 F.3d 421, 424 (5th Cir. 2006). Moreover, the Sentencing Guidelines provide that, if any "materials that must be separated from the controlled

substance before the controlled substance can be used . . . cannot readily be separated from the mixture or substance . . . , the court may use any reasonable method to approximate the weight of the mixture or substance to be counted." U.S.S.G. § 2D1.1, App. Note 1. Because the methamphetamine Movant was transporting could not be readily separated from the gasoline it was mixed with, the Court was permitted to adopt the "reasonable method" employed by DEA agents of testing 16 samples to approximate the amount of methamphetamine contained therein.

Accordingly, the Court finds counsel was not ineffective for failing to hire an expert to test the methamphetamine mixture found in the fuel tank of Movant's truck.

### D. Failure to Object to Drug Quantity

Movant further argues that counsel was ineffective in failing to object to the quantity of methamphetamine calculated in the PSR. The record belies this claim. Counsel did object to the drug calculation in writing. *See* D.E. 13, Obj. I. However, counsel withdrew the objection at sentencing, an action with which Movant expressly agreed:

> AUSA MARTINEZ: My understanding is that defense counsel is going to withdraw one of the objections in reference to the substance, the amount of the substance in question, but is proceeding on the minor role adjustment.
>
> THE COURT: You are withdrawing the quantity objection?
>
> MR. HEIL: Yes, Your Honor.
>
> THE COURT: Do you agree with that, Mr. Linton?
>
> THE DEFENDANT: Yes, sir.

10/16/2017 Sent. Tr., D.E. 30 at 3:13-23.

Movant's agreement with the drug quantity calculation at sentencing precludes his ineffective assistance of counsel claim here. *See Ross v. United States*, 2010 WL 3619451, at *4 (W.D.N.C. Sept. 9, 2010) ("The Petitioner's statement in open court [that the PSR was accurate as to quantity and type

of methamphetamine] precludes his ability now to argue that counsel was ineffective.") (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

**IV. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Record (D.E. 30) is **GRANTED**; Movant's motion under 28 U.S.C. § 2255 (D.E. 22) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 7th day of May, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE